**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,

v.  Criminal Case No: 1:12cr31

MOSHE DAVID SHARABI,
          Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Moshe David Sharabi, in person and by counsel, Brian J. Kornbrath, appeared before me on June 6, 2012. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court determined that Defendant would enter a plea of "Guilty" to Count Five of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

Upon inquiry, counsel for Defendant and the AUSA advised there were no other plea agreements offered to Defendant.

The Court thereafter inquired Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily

waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Moshe David Sharabi, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned then reviewed the charges with Defendant, including the elements the United States would have to prove at trial, charging him with travel in interstate commerce to engage in a sexual act with a person under 18 years of age, in violation of Title 18, United States Code, Section 2423(b).

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on May 30, 2012, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of plea of guilty to Count Five of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The Court confirmed the Defendant had received and reviewed the Indictment in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of Count Five of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood that the maximum statutory sentence he would be subjected to if convicted of the offenses charged in the Indictment was imprisonment for a term of not more than thirty (30) years; a fine of not more than $250,000.00; both imprisonment and fine; a period of supervised release of five years to life; and a special mandatory assessment of $100.00.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in his written plea agreement as follows:

Ct:   Did you and Mr. Kornbrath discuss that you have a right to appeal your conviction and your

3

sentence within 14 days of the District Judge's oral pronouncement of your sentence?

Def: Yes, sir.

Ct: Did you and Mr. Kornbrath also discuss that you may collaterally attack or challenge your sentence by filing a motion under 28 USC 2255, commonly called a habeas-type motion?

Def: Yes, sir.

Ct: Under paragraph 10 of your written plea agreement, do you understand that if the District Judge who sentences you accepts your plea agreement and imposes the recommended binding sentence, which is called for in paragraph 7, which is 63 months of imprisonment, then you give up– waive– your right to directly appeal that sentence and you give up your right to collaterally attack or challenge that sentence using a writ of habeas corpus-type motion?

Def: Yes, sir.

Ct: What that means to you as a practical matter if the District Judge sentences you to 63 months of incarceration and then you file an appeal to the Fourth Circuit or while you're sitting in jail you file a motion under 2255, a habeas motion, collaterally attacking or challenging your sentence, the court that's reviewing either your appeal or your collateral attack, has a right to look at your plea agreement, the transcript of today's hearing, the Report and Recommendation that comes out of this hearing, the Order that the Judge Signs, the sentence order, and if it finds that you waived, it can throw your appeal out without ever giving you a chance to be further heard. It can throw out your collateral attack without ever giving you a chance to be heard. Did you understand that?

Def: Yes, sir.

Ct: And did you intend that to happen by signing the written plea agreement with paragraph 10 in it. Is that correct?

Def: Yes, sir.

Through this colloquy the Court determined Defendant understood his appeals rights and voluntarily gave them up pursuant to the condition that the court accepts the agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Defendant also understood that the parties had reached an agreement regarding an appropriate sentence for the offense charged in Count Five, that being imprisonment for a period of sixty-three (63) months, no fine, with at least five (5) years supervised release, and a special assessment of $100.00.

Defendant further understood he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, and keep such registration current in the location of his residence, his employment, and his school (if any). Defendant understood he must update his registration within three business days after any change of name, residence, employment, or student status, and understood that failure to comply subjects him to prosecution for Failure to Register, a federal felony offense.

The Court inquired of Defendant and determined Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether she accepted his plea agreement; and if she did not follow or refused to accept the sentencing provisions set forth in the agreement, he would have the right to withdraw his guilty plea. If Defendant had the right under the above provision to withdraw his guilty plea, and did not do so, the District Judge could then sentence him to any sentence within the statutory maximum earlier addressed.

Thereupon, Defendant, Moshe David Sharabi, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a plea of **GUILTY** to Count Five of the Indictment.

The Court then received the sworn testimony of City of Fairmont Police Detective Matthew Lewis, who is assigned to the ICAC (Crimes against Children) Division. He was involved in the investigation of Defendant. During February and March 2012, Defendant was living in Adamston, Pennsylvania, but working in the Morgantown Mall in Monongalia County in West Virginia. Officer Lewis received an anonymous tip that there was an advertisement on Craigslist.com soliciting minors. Officer Lewis used an undercover persona of a 15-year-old girl to respond to the ad. He said he was a 15-year-old girl from Fairmont, West Virginia. In late February 2012, he and Defendant communicated through text message. The officer said his name was Alyssa Jones, and said "she" was 15. Defendant said he was looking for "FWB", or friends with benefits. He asked if Alyssa had ever had sex, and made explicit remarks regarding how he would teach her. He requested a phone call from her. Officer Lewis arranged a telephone call between Defendant and female officer Sarah Barr. During the phone call, Defendant was sexually explicit, saying he wanted to have intercourse with the 15-year-old. He said he was 29. Officer Barr asked if it was "ok" that she was young, and Defendant said it was, as long as she was cool, discreet, and very quiet. He told her not to add his number to her phone, and to erase his text messages so they couldn't be followed by the law. Officer Barr told Defendant she was in the 9th grade. Defendant talked with her about having sexual intercourse and when they could meet. Officer Barr expressed reservations about meeting at a place where her mother would not be. Defendant told her to "let me know when there is an opportunity."

Defendant also told Officer Barr to look him up on Facebook so she could see pictures, but then "unfriend" him so there would be no evidence. He was explicit about what he would do and how he

6

would not get her pregnant. He asked if they could have sex the first time they met, to which she answered, "Yes."

Subsequent to the phone call, Officer Lewis and Defendant exchanged text messages. On March 20, 2012, Defendant traveled in interstate commerce from Pennsylvania to Fairmont, West Virginia, within the Northern District of West Virginia, for the purpose of engaging in a sexual act with a person under the age of 18. During additional texts, Defendant stated he wanted to have sex with "Allyssa" in the car and to have oral sex with her in the car.

Defendant was arrested when he arrived at his destination– the Wave Tek pool in Fairmont. His GPS was seized. It had been programmed to take him to the Wave Tek pool. Officers also seized his phone and secured all the text messages from U.S.Cellular. The phone call between Defendant and Officer Barr was recorded and transcribed. Officer Lewis identified Defendant in Court as the person arrested at the WaveTek pool in Fairmont, West Virginia.

Defendant then stated he heard, understood, and agreed with Officer Lewis's testimony. From the testimony of Officer Lewis, the undersigned Magistrate Judge concludes the offense charged in Count Five of the Indictment is supported by an independent basis in fact concerning each of the essential elements of that offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant understood the statutory maximum sentence, and also understood his plea agreement and the binding nature of his plea agreement; He understood the judge would reserve any decision on accepting the binding sentence; Defendant made a knowing and voluntary plea of

guilty to Count Five of the Indictment; and Defendant's plea is independently supported by the testimony of Officer Lewis, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Five of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this matter.

Respectfully submitted this 7th day of June, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE