FILED

JUL 21 2014

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MOSHE DAVID SHARABI,**

**Petitioner-Defendant,**

v.

Civil Action No. 1:13-cv-208
Criminal Action No. 1:12-cr-31
(Judge Keeley)

**UNITED STATES OF AMERICA,**

**Respondent-Plaintiff.**

## REPORT AND RECOMMENDATION/OPINION

### I. INTRODUCTION

On September 16, 2013, Moshe David Sharabi ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 1:13-cv-208, Docket No. 1; Criminal Action No. 1:12-cr-31, Docket No. 31.) That same day, the Clerk of Court mailed Petitioner a Notice of Deficient Pleading, which informed him that he had twenty-one (21) days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. (Docket No. 24.)[1] Petitioner filed his correct form ("Court-Approved Motion") on October 4, 2013. (Docket No. 35.) On April 14, 2014, the undersigned entered an Order directing the Government to respond to Petitioner's motion. (Docket No. 38.) The Government filed its response on May 15, 2014. (Docket No. 44.) Although he was granted an extension of time in which to do so (Docket No. 48), Petitioner has not filed a reply.

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the

---

[1] From this point, all docket numbers refer to entries in Criminal Action No. 1:12-cr-31.

District Judge deny and dismiss Petitioner's motion.

## II. FACTS

### A. *Conviction and Sentence*

On May 1, 2012, a Grand Jury sitting in the Northern District of West Virginia returned an Indictment against Petitioner, charging him with four counts of attempting to use interstate commerce to coerce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of traveling in interstate commerce to engage in a sexual act with a person under 18 years of age, in violation of 18 U.S.C. § 2423(b).

On May 30, 2012, Petitioner signed a written plea agreement in which he agreed to plead guilty to Count Five of the Indictment, charging him with traveling in interstate commerce to engage in a sexual act with a person under 18 years of age. (Docket No. 20.) In the agreement, the parties agreed that pursuant to Fed. R. Crim. P. 11(c)(1)(C), that Petitioner should be sentenced to sixty-three (63) months of imprisonment, to be followed by at least five (5) years of supervised release. (Id. at 2.) Petitioner waived his right to appeal and collaterally attack his sentence. Specifically, Petitioner's plea agreement contained the following language concerning his waiver:

> Upon the condition that the court accepts this agreement and imposes the recommended sentence, the United States and the defendant waive the right to appeal the sentence, or to appeal any other issue in this case, on any ground whatsoever. **Also upon the condition that the court accepts this agreement and imposes the recommended sentence, the defendant waives his right to challenge his sentence or the manner in which it was determined by collateral attack, including but not limited to, by a motion brought under 28 USC § 2255 (habeas corpus).**

(Id. at 3.)

Petitioner appeared before the undersigned on June 6, 2012 in order to enter his plea of guilty. At the time of his plea, Petitioner was 29 years old and had completed the eleventh grade.

(Docket No. 40 at 12:4-8.) Petitioner had not been treated for mental illness or addiction to controlled substances within the last six (6) months. (Id. at 13:10-17.) Subsequently, the following colloquy occurred:

> THE COURT: Did you and Mr. Kornbrath discuss that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of the Judge's oral announcement of his sentence?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you and Mr. Kornbrath also discuss that you may collaterally attack or challenge your sentence by filing a motion under 28 U.S.C. Section 2255, commonly called a writ of habeas corpus type motion?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Under paragraph ten of your written plea agreement, do you understand that if the United States District Judge who sentences you accepts your written plea agreement and imposes the recommended binding sentence which is called for in paragraph seven, which is 63 months of imprisonment, then you give up, waive your right to directly appeal that sentence and you give up your right to collaterally attack or challenge that sentence with a writ of habeas corpus type motion?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: What that means to you as a practical matter, if the District Judge sentences you to 63 months of incarceration and then you file a–an appeal to the Fourth Circuit or while you're sitting in jail you file a motion under 28 U.S.C. Section 2255, the habeas corpus type motion collaterally attacking or challenging your sentence, the Court has a right–the Court that's reviewing either your appeal or the collateral attack has a right to look back at your plea agreement, look at a transcript of today's hearing, the Order–the Report and Recommendation that comes out of this hearing, the Order that the Judge signs, the Sentencing Order and if it finds that you've waived under paragraph ten it can throw your appeal out without ever giving you a chance to be further heard; it can throw our your collateral attack without ever giving you a chance to be heard? Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you intended that to happen by signing the written plea

> agreement with paragraph ten in it, is that correct?
>
> THE DEFENDANT: Yes, sir.

(Id. at 20:5-21:20.)

Petitioner also confirmed his understanding that the written plea agreement contained the full agreement between himself and the Government. (Id. at 24:6-14.) The Court reviewed all the rights Petitioner was foregoing by entering a plea of guilty. (Id. at 28:14-24, 33:25-34:22.) Based on that review, the Court determined that Petitioner understood the consequences of his plea of guilty. (Id. at 46:23-25.) During the hearing, the Government presented the testimony of Officer Matthew Lewis of the City of Fairmont Police Department to establish a factual basis for the plea. (Id. at 37:23-4.)

Petitioner advised the Court that he was guilty of Count Five of the Indictment. (Id. at 37:3.) Additionally, Petitioner testified under oath that no one had attempted to force him to plead guilty and that his plea was not the result of any promises other than those contained in the plea agreement. (Id. at 24:10-14, 27:18-28:28:5.) Petitioner further stated that he was completely satisfied with the legal assistance his attorney had provided. (Id. at 21:21-23:7.) In conclusion, the undersigned concluded that Petitioner was "competent and capable of entering an informed plea" and that he understood the nature of the charges against him. (Id. at 46:20-25.) Petitioner did not object to this finding.

Petitioner appeared before United States District Judge Irene M. Keeley for sentencing on September 5, 2012. (Docket No. 41.) At that time, Judge Keeley accepted the binding plea agreement. (Id. at 14:6.) She sentenced Petitioner to 63 months of incarceration to be followed by a lifetime of supervised release. (Id. at 15:8-19.) Judge Keeley also informed Petitioner that he was required to register as a sex offender. (Id. at 17:22-25.)

B.  *Direct Appeal*

Petitioner did not file a direct appeal.

C.  *Federal Habeas Corpus*

   1.  **Petitioner's Motion**

In his Court-Approved Motion, Petitioner raises the following claims:

1. Counsel failed to conduct an adequate investigation and instead recommended a guilty plea when a significant defense existed;

2. Counsel failed to file a motion to dismiss based upon a violation of Petitioner's speedy trial rights; and

3. Counsel failed to object to certain aspects of the sentence imposed.

(Docket No. 35 at 9-12.)

   2.  **Government's Response**

In opposition to Petitioner's motion, the Government asserts the following:

1. Petitioner's motion should be dismissed because he waived his right to file it pursuant to his written plea agreement;

2. Petitioner is bound by the statements he made during the plea colloquy; and

3. Petitioner has not met his burden of showing ineffective assistance of counsel.

(Docket No. 44 at 3-12.)

### III.  ANALYSIS

A.  *Applicable Law Regarding Petitioner's Waiver*

   1.  **Law Governing Waivers of Direct Appeal and Collateral Attack Rights**

"[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned."

Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the advantages of plea bargains are only secure when "dispositions by guilty plea are accorded a great measure of finality." Id. The Fourth Circuit has recognized that the Government often secures waivers of both appellate and collateral attack rights "from criminal defendants as part of their plea agreement." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005).

Courts have routinely held that "defendants can waive fundamental constitutional rights such as the right to counsel, or the right to a jury trial." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Specifically, the Fourth Circuit has held that "a waiver-of-appeal-rights provision in a valid plea agreement is enforceable against the defendant so long as it is 'the result of a knowing and intelligent decision to forgo the right to appeal.'" United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994) (citations omitted). However, a defendant still retains the right to appellate review on limited grounds, such as when a sentence above the maximum penalty provided by statute is imposed or when a sentence is imposed based on a constitutionally impermissible factor. Id. at 732. Furthermore, the Attar court recognized that a defendant cannot "fairly be said to have waived his right to appeal his sentence" on the ground that he was wholly deprived of counsel during sentencing procedures. Id.

Eleven years later, the Fourth Circuit determined there was no reason to distinguish between waivers of appellate rights and waivers of collateral attack rights. Lemaster, 403 F.3d at 220 n.2. The Fourth Circuit noted that all courts of appeals to have considered the issue have "held that the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." Id. at 220. The Lemaster court did not address whether the same exceptions that were noted by the Attar court apply to a waiver of collateral attack rights, but it did note that it saw "no

reason to distinguish" between the two. Id. at 220 n.2; see also United States v. Cannady, 283 F.3d 641, 645 n.3 (4th Cir. 2000) (collecting cases where the court has determined that waivers of § 2255 rights are generally valid).

The Fourth Circuit has not yet issued a binding decision defining the scope of collateral attack waivers and so has not yet imposed on this Court a standard governing "the extent to which an ineffective assistance of counsel claim can be precluded by a § 2255 waiver." Braxton v. United States, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005).[2] However, several courts have held that collateral attack waivers should be subjected to the same conditions and exceptions applied to waivers of direct appellate rights. Cannady, 283 F.3d at 645 n.3 (collecting cases). Furthermore, most courts of appeals have determined that waivers of collateral attack rights encompass claims "that do not call into question the validity of the plea or the § 2255 waiver itself, or do not relate directly to the plea agreement or the waiver." Braxton, 358 F. Supp. 2d at 503.

### 2. Law Governing Whether a Waiver is Knowing and Intelligent

The Fourth Circuit has held that the determination of whether a waiver of appellate and collateral attack rights is "knowing and intelligent" "depends 'upon the particular facts and circumstances surrounding [its making], including the background, experience, and conduct of the accused.'" Attar, 38 F.3d at 731 (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)). This determination is often made upon reviewing the "adequacy of the plea colloquy" and determining, in particular, "whether the district court questioned the defendant about the appeal waiver." United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). However, an ultimate decision

---

[2]The Fourth Circuit issued an unpublished per curiam opinion affirming the Western District of Virginia's ruling in Braxton. See United States v. Braxton, 214 F. App'x 271 (4th Cir. 2007) (per curiam).

7

is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

B. *Petitioner's Ineffective Assistance of Counsel Claims*

   1. **Standard Governing Claims of Ineffective Assistance of Counsel**

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed.

See id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

### 2. Petitioner's Claim of Ineffective Assistance Prior to His Plea

As his second claim for relief, Petitioner alleges that counsel was ineffective for failing to file a motion to dismiss based upon his speedy trial rights having been "violated through a failure to timely indict." (Docket No. 35 at 6.) According to Petitioner, he was arrested pursuant to a criminal complaint on March 20, 2012, and an Indictment was not returned until forty (40) days later, on May 1, 2012. (Docket No. 35-1 at 2.) Petitioner argues that the Indictment was untimely and violated his right to a speedy trial under both 18 U.S.C. § 3161 and the Sixth Amendment. He asserts that if counsel had filed a motion to dismiss, "it is reasonably probable that the Court would have dismissed the indictment." (Id. at 3.)

The undersigned finds that Petitioner's claim falls within the scope of Petitioner's collateral attack waiver because it asserts ineffective assistance of counsel for conduct occurring before the entry of Petitioner's guilty plea. See Lemaster, 403 F.3d at 220 & n.2; Cannady, 283 F.3d at 645 n.3; Attar, 38 F.3d at 731, 732; Braxton, 358 F. Supp. 2d at 503. A defendant who enters a voluntary guilty plea cannot later "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Menna v. New York, 423 U.S. 61, 62 n.2 ("A guilty plea, therefore, simply renders

irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilty is validly established.").

The undersigned finds that Petitioner's waiver of his right to file a motion pursuant to 28 U.S.C. § 2255 is knowing and intelligent. See Attar, 38 F.3d at 731. At the Rule 11 plea colloquy, Petitioner testified that he had completed eleventh grade and could understand English relatively well. (Docket No. 40 at 12:6-21.) He further testified that he had no hearing impairment and no problems concentrating that would prevent him from participating in the hearing. (Id. at 12:25-13:9.) Petitioner had no physical, mental, emotional, or psychiatric condition that was affecting his ability to understand the Court's questions. (Id. at 15:11-16.) Subsequently, the following colloquy occurred:

> THE COURT: Did you and Mr. Kornbrath discuss that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of the Judge's oral announcement of his sentence?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Did you and Mr. Kornbrath also discuss that you may collaterally attack or challenge your sentence by filing a motion under 28 U.S.C. Section 2255, commonly called a writ of habeas corpus type motion?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Under paragraph ten of your written plea agreement, do you understand that if the United States District Judge who sentences you accepts your written plea agreement and imposes the recommended binding sentence which is called for in paragraph seven, which is 63 months of imprisonment, then you give up, waive your right to directly appeal that sentence and you give up your right to collaterally attack or challenge that sentence with a writ of habeas corpus type motion?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: What that means to you as a practical matter, if the District Judge

> sentences you to 63 months of incarceration and then you file a–an appeal to the Fourth Circuit or while you're sitting in jail you file a motion under 28 U.S.C. Section 2255, the habeas corpus type motion collaterally attacking or challenging your sentence, the Court has a right–the Court that's reviewing either your appeal or the collateral attack has a right to look back at your plea agreement, look at a transcript of today's hearing, the Order–the Report and Recommendation that comes out of this hearing, the Order that the Judge sighs, the Sentencing Order and if it finds that you've waived under paragraph ten it can throw your appeal out without ever giving you a chance to be further heard; it can throw our your collateral attack without ever giving you a chance to be heard? Do you understand that?
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you intended that to happen by signing the written plea agreement with paragraph ten in it, is that correct?
>
> THE DEFENDANT: Yes, sir.

(Id. at 20:5-21:20.) Petitioner also testified that he reviewed the entire plea agreement with his attorney before signing it. (Id. at 23:19-22.) At the conclusion of the plea colloquy, the undersigned found that Petitioner was "competent and capable of entering an informed plea" and that Petitioner understood the written plea agreement. (Id. at 46:18-47:2.) Therefore, the undersigned finds that Petitioner knowingly and intelligently waived his right to collaterally attack his sentence as part of his plea agreement.

Furthermore, Petitioner's claim is without merit, as counsel had no basis for filing a motion to dismiss. 18 U.S.C. § 3161(b) provides in pertinent part:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

Although Petitioner asserts that he was arrested on a criminal complaint on March 20, 2012, that arrest was not pursuant to a federal criminal complaint. The docket sheet in Petitioner's criminal case shows that the first federal proceedings involving Petitioner occurred on May 1, 2012, when

the Grand Jury returned the Indictment against him. Petitioner first appeared before the Court on May 10, 2012, for his initial appearance and arraignment. If counsel had filed a motion to dismiss based upon Petitioner's assertion, it would have been denied by the Court. Accordingly, for these reasons, the undersigned recommends that Petitioner's claim that counsel was ineffective for not filing a motion to dismiss be denied.

### 3. Petitioner's Claim Regarding the Validity of His Guilty Plea and Counsel's Failure to Investigate

As his first claim for relief, Petitioner asserts that counsel failed to conduct an adequate investigation and instead recommended that Petitioner plead guilty when significant defenses existed. (Docket No. 35-1 at 1.) According to Petitioner, he had a complete defense to Count Five, in that the purpose of his travel over state lines was to go to work and that it was "only after crossing state lines did Petitioner later agree to meet the agent posing as a minor." (Id. at 2.) Petitioner also asserts that counsel failed to realize that he had a complete defense to Counts One through Four, in that a charge under 18 U.S.C. § 2422(b) "cannot apply in situations where an undercover law enforcement agent is posing as a minor." (Id.) He also claims that counsel misadvised him that he would face at least ten (10) years of imprisonment if convicted on those counts. Accordingly to Petitioner, if counsel had conducted an investigation and informed him of these defenses, he "would not have pled guilty and instead would have insisted on proceeding with a motion to dismiss and/or trial." (Id.)

A defendant's sworn representations made at a plea hearing "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. Therefore, guilty pleas are not normally subject to collateral attack, but

can be so challenged on the ground that the plea was not knowing or voluntary. Bousley v. United States, 523 U.S. 614, 621-22 (1998). A defendant may attack the voluntary nature of his plea by demonstrating that he received ineffective assistance of counsel. Tollett, 411 U.S. at 267. However, "in the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (citations omitted).

The undersigned has already determined that Petitioner's plea was knowing, voluntary, and intelligent. At the plea hearing, Petitioner testified that he reviewed the entire plea agreement with his attorney before signing it. (Docket No. 40 at 23:19-22.) He also stated that he was completely satisfied with counsel's assistance in his case. (Id. at 22:22-25.) When asked by the Court, Petitioner stated that there was nothing counsel should have done and did not do on his behalf. (Id. at 23:1-3.) During the factual basis, Officer Lewis made clear that Defendant traveled from Adamsburg, Pennsylvania to the WaveTek Pool in Fairmont, West Virginia, with "a stop at his place of employment in Monongalia County." (Id. at 43:3-11.) The Court then asked: "And when Mr. Sharabi drove from Pennsylvania to Fairmont, Marion County, West Virginia on March 20[th], 2012, he did so thinking he was going to meet this Alyssa, the 15 year old?" (Id. at 45:18-21.) Officer Lewis responded affirmatively. (Id. at 45:22.) When asked by the Court if he disagreed with any of Officer Lewis' testimony, Petitioner responded, "No, sir." (Id. at 46:14-17.) Although Petitioner now states disagreement with Officer Lewis' testimony as to why he crossed state lines, "[a]bsent clear and convincing evidence to the contrary, [he] is bound by the representations he ma[de] under oath during [his] plea colloquy." Fields, 956 F.2d at 1299.

In any event, Petitioner's claim that counsel failed to investigate defenses is without merit. Even if counsel's performance was deficient, Petitioner cannot show that he was prejudiced by counsel's alleged inaction. As noted above, Petitioner claims that he had a complete defense against Count Five because he traveled across state lines to go to work. However, Petitioner's defense would have failed, as he need not have traveled across state lines for the sole purpose of meeting with a minor to engage in a sexual act. Rather, Petitioner's travel must have been a dominant purpose for his travel in interstate commerce. See, e.g., United States v. Vang, 128 F.3d 1065, 1068-73 (7th Cir. 1997). As Officer Lewis testified, even though Petitioner stopped at his place of employment after crossing state lines, he drove form Pennsylvania to Fairmont, West Virginia with the purpose of meeting who he thought was a 15-year-old girl named Alyssa. (Docket No. 40 at 43:3-11, 45:18-22.)

Petitioner also claims that he had a complete defense to Counts One through Four and would have proceeded to trial on those counts as well had defense counsel conducted an adequate defense. Counts One through Four charged Petitioner with using interstate commerce to attempt to coerce and entice a minor individual to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). (Docket No. 1.) According to Petitioner, violations of § 2422(b) cannot be sustained unless an actual person under the age of eighteen (18) is involved. The Fourth Circuit has soundly rejected this defense. See United States v. Fernando, 291 F. App'x 494, 495-96 (4th Cir. 2008); cf. United States v. Kelly, 510 F.3d 433, 441 (4th Cir. 2007) (holding that "the government need not prove an actual minor was placed at risk in order to secure a conviction under § 2423(b)"). Furthermore, Petitioner's claim that counsel misadvised him that he would face at least ten (10) years of imprisonment if convicted on Counts One through Four is without merit, as the statutory mandatory minimum term of

14

imprisonment for a violation of § 2422(b) is "not less than 10 years."

In sum, the undersigned finds that Petitioner entered his plea freely, knowingly, and voluntarily. The undersigned further finds that Petitioner was not prejudiced by counsel's alleged deficient investigation, as the defenses Petitioner claims he could have availed himself of would not have succeeded. Accordingly, the undersigned recommends that Petitioner's claim be denied.

4. **Petitioner's Claim of Ineffective Assistance at Sentencing**

As his last claim for relief, Petitioner asserts that counsel was ineffective for failing to object to certain aspects of the sentence imposed by Judge Keeley. (Docket No. 35-1 at 3.) Specifically, Petitioner asserts that counsel should have objected to the Court imposing lifetime supervised release because the Court "lacked authority to impose supervised release." (Id.) According to Petitioner, the Court lacked such authority because 18 U.S.C. § 2423(b), his statute of conviction, does not "list supervised release as a potential penalty." (Id.) Petitioner also claims that counsel should have objected to the Court requiring him to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA") because the Court lacked authority to impose that requirement. (Id. at 3-4.) According to Petitioner, the court lacked such authority because an offense under 18 U.S.C. § 2423(b) is not subject to SORNA. (Id. at 4.)

As to ineffective assistance of counsel claims raised regarding an attorney's action, or lack thereof, after the plea agreement, the Fourth Circuit has stated that the right to challenge a sentence on the ground that "the proceedings following entry of the guilty plea–including both the sentencing hearing itself and the presentation of the motion to withdraw their pleas–were conducted in violation of their Sixth Amendment right to counsel" is not waived by a general waiver of appellate rights contained in the plea agreement. United States v. Attar, 38 F.3d 727, 732-33 (4th Cir. 1994).

15

Therefore, "upon first blush it appears that [such] claims arising after the guilty plea and/or during sentencing are not barred by a general waiver of appeal rights." Oden v. United States, Civil No. 3:13-cv-93, Criminal No. 3:11-cr-56, 2014 WL 2462993, at *8 (N.D. W. Va. June 2, 2014.) Because Petitioner is challenging counsel's actions at sentencing, his claim is not barred by his waiver.

Nevertheless, Petitioner's claim is without merit. Petitioner is correct that a term of supervised release is not set forth in his statute of conviction, 18 U.S.C. § 2423(b), as that statute states:

> A person who travels in interstate commerce or travels into the United States, or a United States citizen or an alien admitted for permanent residence in the United States who travels in foreign commerce, for the purpose of engaging in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

However, 18 U.S.C. 3583(k) specifically provides, in pertinent part:

> Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life.

Accordingly, the District Court had the authority to impose a term of supervised release, and any objection by counsel to the contrary would have been overruled.

Likewise, 18 U.S.C. § 3583(d) states, in pertinent part:

> The court shall order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act, that the person comply with the requirements of that Act.

SORNA's requirements are set forth in 42 U.S.C. § 16913. 42 U.S.C. § 16911(5)(A) defines a "sex offense" as follows:

> (i) a criminal offense that has an element involving a sexual act or sexual contact with another;

16

(ii) a criminal offense that is a specified offense against a minor;

(iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;

(iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(I) of Public Law 105-119 (10 U.S.C. 951 note); or

(v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

The undersigned finds that Petitioner's offense of conviction, a violation of 18 U.S.C. § 2423(b), satisfies subsections (ii) and (iii). Section 2423(b) falls under the "Transportation of Minors" statute and is therefore a specified offense against a minor. Furthermore, § 2423(b) is a Federal offense under chapter 117 of Title 18 of the United States Code. Accordingly, the District Court correctly ordered that Petitioner be required to register as a sex offender pursuant to SORNA, and any objection by counsel to the contrary would have been overruled. For these reasons, the undersigned recommends that Petitioner's claim that counsel was ineffective for failing to object to aspects of his sentence be denied.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:13-cv-208, Docket No. 1; Criminal Action No. 1:12-cr-31, Docket No. 31) be **DENIED and DISMISSED WITH PREJUDICE.**

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any

objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Moshe David Sharabi.

DATED: July 21, 2014

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE